

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

WMN

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 11, 2010

<u>By ECF and Facsimile</u>
The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Fax: (718) 613-2437

      Re:  United States v. Minerva Pascual
           <u>Criminal Docket No. 08-705 (S-1) (RJD)</u>

Dear Judge Dearie:

      The government respectfully submits this letter in response to the defendant's letters, dated October 9 and 10, 2010, requesting that the Court (1) preclude Ernesto Bocanegra, who the the government might call as a witness, from testifying regarding the defendant's role in sending money to Peru; (2) include voir dire questions regarding cooperators; and (3) order the government to provide more information regarding the analysis of the defendant's voice exemplar.  For the reason's stated below, the defendant's requests should be denied.  Trial in the above-referenced case is scheduled to commence on October 12, 2010.

      At trial, the government may call Ernesto Bocanegra as a witness.  Pursuant to our obligations under <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and Title 18, United States Code, Section 3500 ("3500 Material"), the government disclosed to the defendant all of Bocanegra's prior statements and criminal conduct.[1]

---

[1] The government has not made a final decision as to whether Bocanegra will be a witness and thus does not intend to discuss his possible testimony during the opening statement.  Defense counsel infers that he was not aware of the possibility that Bocanegra might be a witness.  However, that is not the fault of the government.  The defendant received virtually identical 3500 Material for this witness in preparation for the prior trial.

The defendant argues that the Court should preclude Bocanegra from testifying about "uncharged crimes[,]" specifically "that [the defendant and her co-conspirator] gave Bocanegra money to launder back to Peru." Letter 10/9/10 at 1. The defendant's argument is without merit. Money and drugs are intricately intertwined and it is well-settled in the Second Circuit that evidence regarding the movement, exchange or storage of money does not relate to an uncharged crime but rather is direct evidence of a narcotics conspiracy. See, e.g., United States v. Quiroz, 13 F.3d 505, 514 (2d Cir 1993)(holding that evidence of financial records was direct evidence of charged drug conspiracy and not 404(b) evidence); United States v. Pitre, 960 F.2d 1112, 1122 (2d Cir. 1992)(rejecting defendant's challenge as to sufficiency of evidence and noting, among factors supporting verdict, that defendant was arrested with money); cf. United States v. Ramirez, 910 F.2d 1069, 1071-72 (2d Cir. 1990)(holding that district court appropriately considered presence of cash and money counting machines in concluding that drug conspiracy existed); United States v. Sisca, 503 F.2d 1337, 1343 (2d Cir.) ("suggestion that members of a conspiracy would entrust $60,000 in cash and a large quantity of narcotics to one who was not a full partner strains credulity"), cert. denied, 419 U.S. 1008 (1974). Thus, should Bocanegra testify, the Court should deny the defendant's request to preclude that portion of his testimony.[2]

---

Indeed, the information regarding the defendant's role in sending money to Peru, addressed in more detail below, was discussed in a report provided to the defendant in April 2010. Notably, at the time defense counsel received the 3500 Material for the upcoming trial, he inquired from the government whether the 3500 Material was substantially the same as for the last trial. The government responded affirmatively and explained that several agents and a cell cite expert were added as possible witnesses; otherwise, the possible witnesses were the same.

[2] Such evidence would also be admissible pursuant to Rule 404(b) of the Federal Rules of Criminal Procedure. First, evidence of these interactions between Bocanegra and the defendant would be admissible as background for the conspiracy to "explain how a criminal relationship developed" and "help the jury understand the basis for the co-conspirators' relationship of mutual trust." United States v. Pipola, 83 F.3d 556, 566 (2d Cir. 1996)(citation omitted); see also United States v. Williams, 205 F.3d 23, 33-34 (2d Cir. 2000). Second, "[u]nder Rule 404(b) evidence of 'other crimes' has been consistently held admissible to corroborate crucial prosecution testimony." United States v. Everett, 825 F.2d 658, 660 (2d Cir. 1987). If Bocanegra testified, the defendant would likely claim that he were lying

2

The defendant also requests that the Court ask questions of prospective jury members regarding their opinions about cooperators. Letter 10/9/10 at 1. Although the government does not oppose questions on this topic as a general matter, the requested questions as phrased by the defendant would unduly prejudice prospective jury members against Bocanegra's testimony. Moreover, should Bocanegra testify, he would do so pursuant to a subpoena and not as a cooperator. For these reasons, the government respectfully submits that the proposed questions are unnecessary and the Court should deny the defendant's request.

Finally, by later dated October 10, 2010, the defendant argues that "the government should do more by explaining why they have decided not to use" evidence relating to the defendant's voice exemplar and states that "[n]o Brady information was provided." Letter 10/10/10 at 1. The government is aware of and has complied with its obligation to produce exculpatory material or information within the scope of Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. No Brady information was provided because none exists. The government made a strategic decision not to present evidence regarding the defendant's voice exemplar and the defendant is not entitled to any more information as to that matter. The defendant has cited no legal basis for the information sought and the request should be denied.

For these reasons, the government respectfully requests that the Court deny the defendant's requests.

                                        Respectfully submitted,
                                        LORETTA E. LYNCH
                                        United States Attorney

By:    /s/
       Walter M. Norkin
       Assistant U.S. Attorney
       (718) 254-6152

cc: Clerk of the Court (RJD)(by ECF)
    Mitchell Dinnerstein, Esq. (by ECF)

---

about their drug interactions. Testimony regarding their interactions as to the money, which is supported by call and cell site records, would therefore be admissible to provide corroboration for Bocanegra's testimony. See, e.g., United States v. Thai, 29 F.3d 785, 813 (2d Cir. 1994)(upholding admission of evidence where defense was that government informants were lying).